**UNITED STATES Appellee,**

v.

Desmond SHAW, David Campbell, also known as Sheldon Fuller, also known as Andre Blake, Conrad Cooper, also known as Dervin, Ryan King, Anthony Phillips, also known as Curtis, Enrico Thomas, also known as Meng Feng, also known as Rico, Bobby Weston, also known as Badness, Mark Brown, also known as Blackbud, also known as Blacks, also known as Kirk Watson, Stephen Mattis, Defendants–Appellants.*

Nos. 06–4489–cr(L), 06–5122–cr(con), 06–5192–cr(con), 06–5735–cr(con), 07–0458–cr(con), 07–0674–cr(con), 07–0682–cr(con), 07–4803–cr(con), 08–1727–cr(con), 08–2758–cr(con), 08–2823–cr(con), 08–2824–cr(con), 08–2978–cr(con).

United States Court of Appeals, Second Circuit.

Sept. 16, 2009.

* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

Andrew Fish, Assistant United States Attorney, (Steve C. Lee and Katherine A. Lemire, Assistant United States Attorneys, on the brief), New York, NY, for Lev L. Dassin, Acting United States Attorney, Southern District of New York.

Richard Jasper, New York, NY, for Desmond Shaw.

J. Bruce Maffeo, (E. Niki Warin, on the brief), Meyer, Suozzi, English & Klein, P.C., New York, NY, for Sheldon Fuller.

Lee A. Ginsberg, Freeman Nooter, & Ginsberg, New York, NY, for Conrad Cooper.

Vivian Shevitz, South Salem, NY, for Ryan King.

James Kousouros, Kew Gardens, NY, for Anthony Philips.

Jesse M. Siegel, New York, NY, for Enrico Thomas.

Flora Edwards, New York, NY, for Bobby Weston.

Jean D. Barrett, Ruhnke & Barrett, Montclair, NJ, for Mark Brown.

Arza Feldman, (Steven A. Feldman, on the brief), Feldman & Feldman, Uniondale, NY, for Stephen Mattis.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendants either pleaded guilty to, or where convicted of, various charges in connection with a conspiracy to distribute 1,000 kilograms or more of marijuana through a criminal syndicate called the "Two Mile Posse." Specifically, the District Court entered the following final judgments:

Defendant Desmond Shaw pleaded guilty to, and was convicted of, one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and was sentenced principally to 168 months' imprisonment in a judgment entered September 6, 2006.

Defendant Anthony Phillips pleaded guilty to, and was convicted of, one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and was sentenced principally to imprisonment for 120 months in a judgment entered February 1, 2007.

Defendant Sheldon Fuller was convicted after a jury trial of the following: (1) one count of racketeering in violation of 18 U.S.C. § 1962(c); (2) one count of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d); (3) one count of conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(1) and (2); (4) two counts of violent crimes in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and (2); (5) two counts of murder in connection with a drug crime in violation of 21 U.S.C. § 848(e)(1)(A); (6) one count of use of a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A); (7) one count of murder through use of a firearm in violation of 18 U.S.C. § 924(j); and (8) one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. In a judgment entered on November 6, 2006 defendant was sentenced principally to life imprisonment.

Defendant Conrad Cooper was convicted after a jury trial of the following: (1) one count of racketeering in violation of 18 U.S.C. § 1962(c); (2) one count of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d); (3) one count of conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(1) and (2); (4) two counts of violent crimes in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and (2); (5) two counts of murder in connection with a drug crime in violation of 21 U.S.C. § 848(e)(1)(A); (6) one count of use of a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A); (7) one count of murder through use of a firearm in violation of 18 U.S.C. § 924(j); and (8) one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. In a judgment entered on November 3, 2006 defendant was sentenced principally to life imprisonment.

Defendant Ryan King was convicted after a jury trial to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and one count of conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. § 846. In a judgment entered December 11, 2006, King was sentenced principally to 51 months' imprisonment.

Defendant Enrico Thomas was convicted after a jury trial of the following: (1) one count of racketeering in violation of 18 U.S.C. § 1962(c); (2) one count of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d); (3) one count of conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(1) and (2); (4) two counts of violent crimes in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and (2); (5) two counts of murder in connection with a drug crime in violation of 21 U.S.C. § 848(e)(1)(A); (6) one count of use of a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A); (7) one count of murder through use of a firearm in violation of 18 U.S.C. § 924(j); and (8) one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. In a judgment entered on February 9, 2007 defendant was sentenced principally to life imprisonment.

Defendant Mark Brown was convicted after a jury trial of (1) one count of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d); (2) one count of

use of a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c); and (3) one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. In a judgment entered October 12, 2007, defendant was sentenced principally to 180 months' imprisonment.

Defendant Bobby Weston was convicted after a jury trial of one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and was sentenced principally to 121 months' imprisonment in a judgment entered December 15, 2006.

Defendant Stephen Mattis pleaded guilty to, and was convicted of, one count of racketeering in violation of 18 U.S.C. § 1962(c). In a judgment entered April 9, 2008, defendant was sentenced principally to 235 months' imprisonment.

Defendants appeal various orders and judgments related to their guilty pleas, convictions, or sentences. Specifically, the issues on appeal are as follows:

(1) Whether the evidence was sufficient to support the jury's guilty verdicts for defendants Conrad Cooper, Sheldon Fuller, Enrico Thomas, Ryan King, and Bobby Weston for various charges, including the following: murder in connection with a narcotics offense, RICO and RICO conspiracy, violent crimes in aid of racketeering, and conspiracy;

(2) Whether the District Court erred when it admitted out-of-court statements related to two murders at trial against Cooper, Fuller, and Thomas because the District Court found that the murders were in furtherance of an ongoing conspiracy;

(3) Whether the District Court erred in admitting Brown's proffer statements;

(4) Whether the District Court properly denied Fuller's motion to suppress property and statements of Fuller;

(5) Whether the District Court erred when it denied Weston's motion for severance of trials;

(6) Whether the government's addresses to the jury deprived Weston of a fair trial;

(7) Whether the District Court erred when it permitted certain leading questions regarding Weston at trial;

(8) Whether the government violated its duty to Weston, under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny, to disclose exculpatory information;

(9) Whether the District Court erred when it charged the jury regarding *Pinkerton* liability;

(10) Whether the District Court erred when it denied Weston's motion for a new trial because there was no newly-discovered evidence sufficient to merit a new trial;

(11) Whether the District Court erred when it denied Cooper, Fuller, Thomas, and Weston an evidentiary hearing in connection with witness perjury;

(12) Whether Cooper's life imprisonment sentence violates the Fifth or Eighth Amendments of the United States Constitution;

(13) Whether the District Court erred in sentencing King; and

(14) Whether the District Court erred in sentencing Phillips.

We address each issue in turn, and we assume the parties' familiarity with the facts and procedural history of this case.

First, Cooper, Fuller, Thomas, King, and Weston argue that the evidence presented at trial was insufficient to support the jury's guilty verdicts. Because "the task of choosing among competing, permissible inferences is for the [jury and] not for the reviewing court," *United States v. McDermott,* 245 F.3d 133, 137 (2d Cir.

2001), we are required to review the evidence "in the light most favorable to the government," *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir.2004) and "resolve all issues of credibility in favor of the jury's verdict." *United States v. Desena*, 287 F.3d 170, 177 (2d Cir.2002). *See generally Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). At trial, the government introduced much evidence that could support the jury's verdict. Although the defendants argue that the jury could have drawn opposing inferences that would not support the guilty verdict, there were sufficient permissible inferences that the jury could, and apparently did, draw to support the guilty verdicts. Applying the deferential standard set forth above, we conclude that there was sufficient evidence to support each guilty verdict challenged here and, accordingly, we affirm the judgments of the District Court in this regard.

■ Second, Cooper, Fuller, and Thomas argue that the District Court improperly admitted at trial certain out-of-court statements related to two murders. The District Court ruled that these statements were in furtherance of the ongoing operations of the Two Mile Posse conspiracy and were therefore admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence.[1] We have previously held that "statements that provide reassurance, or seek to induce a co[-]conspirator's assistance, or serve to foster trust and cohesiveness, or inform each other as to the progress or status of the conspiracy," are in furtherance of a conspiracy and therefore admissible. *United States v. Maldonado–Rivera*, 922 F.2d 934, 958–59 (2d Cir.1990); *see In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 139 (2d Cir.2008). We have no difficulty in concluding that statements during a discussion between members of the Two Mile Posse while discussing murders carried out by a different subset of the Two Mile Posse could "serve to foster trust and cohesiveness, or inform each other as to the progress or status of a conspiracy." *Maldonado–Rivera*, 922 F.2d at 959. In any event, many of these statements would have been admissible as declarations against penal interest under Fed.R.Evid. 804(b)(3), rendering harmless any error by the District Court. *See United States v. Desena*, 260 F.3d 150, 158–59 (2d Cir. 2001). Accordingly, the District Court did not err when it admitted these statements.

■ Third, Brown argues that the District Court improperly admitted Brown's proffer statements. Although proffer statements are generally inadmissible against a defendant at trial, Fed.R.Evid. 410, defendants may waive their rights to those protections. *See United States v. Barrow*, 400 F.3d 109, 116 (2d Cir.2005). In this case, Brown's proffer agreement stated that he waived his right under Rule 410 if his counsel presents testimony, arguments, or evidence which contradicts the proffer statements. Because defense counsel implied facts that contradicted Brown's proffer statements, the District Court did not err in admitting the proffer statements. Even if statements by Brown's counsel did not trigger a waiver, his substantial rights were not affected by the admission of the proffer statements because there was ample evidence to support Brown's conviction, including the cooperating witness testimony of Mark Lee and Kevon Holt describing Brown's exten-

---

1. Rule 801(d)(2)(E) of the Federal Rules of Evidence states in relevant part:
   A statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

sive involvement with the marijuana conspiracy.

Fourth, Fuller argues that the District Court erred when it denied motions to suppress evidence of certain property and statements after conducting a full evidentiary hearing. After the evidentiary hearing, the District Court rendered an oral order stating that the property—several thousand dollars and Fuller's driver's license—had not been "seized" because the encounter with two law enforcement officials and a dog trained to sniff narcotics had been consensual. To determine if an encounter was not consensual, and therefore subject to the strictures of the Fourth Amendment, we must consider whether, "in view of all the circumstances surrounding the [encounter], a reasonable person would have believed that [he or she] was not free to leave." *United States v. Glover*, 957 F.2d 1004, 1008 (2d Cir.1992), *see Florida v. Bostick*, 501 U.S. 429, 439, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (adopting a rule that courts must consider all circumstances to determine if a reasonable person would feel free to leave). We review this mixed question of fact and law *de novo, see e.g., United States v. Glover*, 957 F.2d 1004, 1007 (2d Cir.1992) and conclude that the District Court did not err in denying defendant's motion to suppress the evidence consisting of property that law enforcement officers obtained in their consensual encounter with Fuller.

Similarly, Fuller argues that the District Court improperly denied his motion to suppress statements he made while in custody in alleged violation of the rule of *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and its progeny. A defendant may waive his rights under *Miranda, see Colorado v.*

*Connelly*, 479 U.S. 157, 169–70, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986), and the government must establish by a preponderance of the evidence that the defendant validly waived his rights. *Id.* at 168, 107 S.Ct. 515. In the instant case, the District Court found after an extensive hearing that Fuller had orally waived his *Miranda* rights. Because there is sufficient evidence on the record to support this finding, the District Court did not err in admitting statements the defendant made while in custody.

Fifth, Weston argues that the District Court erred when it denied his motion for severance. A decision whether to sever a defendant from a joint trial pursuant to Rule 14 of the Federal Rules of Criminal Procedure [2] is "confided to the sound discretion of the trial court," *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir.2003), and a district court's exercise of that discretion is "virtually unreviewable" on appeal, *United States v. Yousef*, 327 F.3d 56, 150 (2d Cir.2003). To challenge the denial of a severance motion, defendant must show that he suffered a prejudice "so severe that his conviction constituted a miscarriage of justice." *United States v. Stewart*, 433 F.3d 273, 314 (2d Cir.2006). In this case, Weston has not met this stringent requirement inasmuch as he has alleged various hardships common in every multi-defendant trial, such as differing levels of culpability or standards of proof. For these reasons, we conclude that the District Court did not err in denying Weston's motion for severance.

Sixth, Weston argues that the government's opening and closing statements denied his constitutional right to a fair trial and that the District Court erred when it

---

2. Rule 14 states in relevant part: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a).

failed to give curative instructions. To assert that a prosecutor's remarks warrant reversal, the defendant must allege misconduct that is "so severe and significant as to result in the denial of [his] right to a fair trial," *United States v. Locascio,* 6 F.3d 924, 945 (2d Cir.1993), and that the remarks caused "substantial prejudice," *United States v. LaMorte,* 950 F.2d 80, 83 (2d Cir.1991). In this case, the prosecutor's allegedly errant comments did not cause "substantial prejudice," *id.,* because there was overwhelming evidence that Weston was connected with Two Mile Possee and guilty of the crimes charged. For these reasons, we conclude that the District Court did not err and that defendant is not entitled to a new trial.

Seventh, Weston argues that the District Court "abused its discretion" in permitting certain leading questions. Federal Rule of Evidence 611(c) provides that "[l]eading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony." We have interpreted this as "words of suggestion, not command," *United States v. DeFiore,* 720 F.2d 757, 764 (2d Cir.1983), and, as a result, we have shown an "almost total unwillingness to reverse for 611(c) infractions," *United States v. Ajmal,* 67 F.3d 12, 16 (2d Cir. 1995) (internal quotations omitted). In this case, the District Court did not "abuse its discretion" by allowing leading questions on direct examination in limited circumstances. Furthermore, had the District Court "abused its discretion," this would have been harmless error as the evidence against Weston was overwhelming.

Eighth, Weston argues that the government withheld material that was required to be disclosed under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Before trial, counsel for Weston and Fuller requested certain material they believed might be exculpatory. Defendants and the government then agreed to provide the requested material to the District Court for *in camera* review *ex parte.* After reviewing the documents, the District Court found that nothing in the documents was *Brady* material, and therefore the government was not required to give the materials to defendants. Upon considering the alleged *Brady* material retrospectively in the context of the entire record, *see United States v. Payne,* 63 F.3d 1200, 1210–11 (2d Cir.1995); *see also United States v. Coppa,* 267 F.3d 132, 140 (2d Cir.2001) ("[T]he scope of a defendant's constitutional right ... is ultimately defined retrospectively."), we conclude even if the government had withheld evidence supporting Weston's argument that he had not participated in the Two Mile Posse, but instead participated in another conspiracy to distribute marijuana, this would not have been prejudicial, as four cooperating witnesses implicated Weston in the Two Mile Posse conspiracy. Because the government's alleged withholding of certain materials was, at minimum, insufficient to create prejudice, we conclude that the District Court did not err when it did not require the government to share certain materials with defendants.

Ninth, Fuller argues that the District Court erred when it instructed the jury that he could be convicted of two murders on the theory of liability set forth in *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) (holding that one can be criminally liable for the reasonably foreseeable acts of one's coconspirators), because there was insufficient evidence that the murders were convicted in the furtherance of a conspiracy. As explained above in discussing the first issue on appeal, there was sufficient evidence that these murders were in furtherance of a conspiracy, and therefore a jury instruction regarding *Pinkerton* liability was appropriate. Accordingly, we con-

clude that the District Court did not err in instructing the jury on *Pinkerton* liability.

Tenth, Weston argues that the District Court erred when it denied his motion for a new trial due to alleged misrepresentations by the government and because of newly-discovered evidence. The Federal Rules of Criminal Procedure allow courts to "vacate any judgment and grant a new trial if the interest of justice so requires," Fed.R.Crim.P. 33(a), but "motions for a new trial are disfavored in this Circuit." *United States v. Gambino*, 59 F.3d 353, 364 (2d Cir.1995). Accordingly, district courts should only grant motions for new trials if there is "a real concern that an innocent person may have been convicted." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir.1992). We review this decision only for "abuse of discretion." *United States v. Torres*, 128 F.3d 38, 48 (2d Cir. 1997). The District Court's findings that there was no prosecutorial misconduct and that the newly discovered evidence "would not likely have led to a different outcome at trial," were not clearly erroneous. Accordingly, we conclude that the District Court did not err in denying defendant's motion for a new trial.

■ Eleventh, Cooper, Fuller, Thomas, and Weston argue that the District Court erred in declining to hold an evidentiary hearing to explore the extent of the alleged misconduct of a government witness who, it was later discovered, committed perjury at trial and to require, if necessary, a new trial. Whether perjured testimony requires a new trial "depends on the materiality of the perjury to the jury's verdict and the extent to which the prosecution was aware of the perjury." *United States v. Wallach*, 935 F.2d 445, 456 (2d Cir.1991). Although the District Court declined to conduct an evidentiary hearing on

this motion for new trial—a decision we review only for "abuse of discretion," *United States v. White*, 972 F.2d 16, 22 (2d Cir.1992)—the District Court did thoroughly consider the materiality of the perjury to the verdict rendered by the jury and the extent of the prosecution's asserted knowledge of the perjury. The District Court determined that the perjured testimony did not affect the outcome of the trial and that the prosecution had no knowledge that the witness intended to perjure himself. Because the record amply supports this ruling, we conclude that the District Court did not err in declining to conduct an evidentiary hearing or grant a new trial because of perjured testimony.

■ Twelfth, Cooper argues that his sentence of life imprisonment for murder in aid of racketeering violates the Fifth and Eighth Amendments. Specifically, Cooper argues that the mandatory minimum sentence of life imprisonment is unconstitutional under the Due Process Clause of the Fifth Amendment and that his sentence is so disproportionate to his crime that it violates the Eighth Amendment. Regarding the Fifth Amendment claim, the Supreme Court has squarely rejected the argument that mandatory minimum sentences violate due process and held that Congress may confine the courts' discretion in sentencing with mandatory minimum sentences in statutes. *Chapman v. United States*, 500 U.S. 453, 467, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). As long as the mandatory minimum is neither so harsh that it violates the Eighth Amendment nor based on arbitrary classifications that violate the Due Process Clause, the Court may impose any sentence authorized by statute. *Id.* at 465, 111 S.Ct. 1919. Alternatively, Cooper argues that mandatory minimum sentences violate 18 U.S.C. 3553(a).[3] We recently

---

3. Section 3553(a) states in relevant part: "The court shall impose a sentence sufficient,

but not greater than necessary, to comply with the purposes set forth in paragraph (2) of

rejected this argument. *United States v. Samas*, 561 F.3d 108, 110–11 (2d Cir.2009). Finally, Cooper argues that his sentence of life imprisonment violates the Eighth Amendment. To violate the Eighth Amendment, the sentence must be "grossly disproportionate" to the crime. *See, e.g., Lockyer v. Andrade*, 538 U.S. 63, 72–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (requiring that defendant show that sentence is grossly disproportionate to the crime); *Yousef*, 327 F.3d at 163 (same). In this case, a sentence of life imprisonment is not grossly disproportionate to defendant's crime of participating in two murders in aid of racketeering along with numerous other crimes. The sentence, though severe, fits the seriousness of the crimes. For the above reasons, we conclude that the District Court did not err in sentencing Cooper to life imprisonment.

■ Thirteenth, King argues that his sentence—principally, imprisonment of 51 months—is unreasonable. Because King completed his sentence of imprisonment on or about May 12, 2008, this sentencing challenge is moot. When a defendant has completed his term of imprisonment, a challenge to the length of the sentence is moot, particularly where, as here, the defendant faces deportation and, therefore, has "only a quixotic chance of legally returning to the United States to serve the remainder of his term of supervised release." *United States v. Williams*, 475 F.3d 468, 479 n. 6 (2d Cir.2007) (internal quotation marks omitted). We conclude that King's challenge is moot.

Fourteenth, and finally, Phillips argues that he was improperly sentenced because he did not receive the benefits of the "safety valve" provision at sentencing. In his

plea agreement, however, Phillips expressly waived his right to appeal a sentence within or below the stipulated Guidelines range of 120 to 121 months' imprisonment. Because this waiver was knowing and voluntary, and Phillips was sentenced to 120 months' imprisonment, we conclude that, in such circumstances, he may not challenge his sentence.

## CONCLUSION

We have considered all of defendants' arguments and find them to be without merit. Therefore, in light of the foregoing, the judgments of the District Court are **AFFIRMED** with respect to defendants Campbell, Cooper, Thomas, Weston, Brown, and King. The appeals challenging the sentences of defendants King and Phillips are **DISMISSED.** The government's motions for summary affirmance of judgments of conviction of defendants Shaw and Mattis are **GRANTED;** the *Anders* motions, *see Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) of counsel for Shaw and Mattis are **GRANTED;** and, accordingly, the judgments of the District Court with respect to Shaw and Mattis are **AFFIRMED.**

---

this subsection." The section then goes on to list several factors that courts should consider when imposing sentences.