05-5213-cr
USA v. Samas

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2008

(Submitted: August 11, 2008      Decided: March 24, 2009)

Docket No. 05-5213-cr

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

      Appellee,

      -v.-                                    05-5213-cr

ROCKY SAMAS,

      Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

    Present:      JACOBS, Chief Judge, WESLEY and HALL,
                        Circuit Judges.

Defendant-Appellant Rocky Samas appeals from a judgment

of conviction entered by the United States District Court

for the District of Connecticut (Hall, J.) on September 29,

2005.  He argues principally that the mandatory sentencing

scheme in 21 U.S.C. § 841(b) violates the Equal Protection

Clause of the Fourteenth Amendment because there is no

rational basis for the disparity between sentences for

powder and crack cocaine, and that the introductory language

in 18 U.S.C. § 3553(a) conflicts with the mandatory sentencing provisions set forth in § 841(b). For the following reasons, we affirm.

Charles F. Willson, Nevins & Nevins LLP, East Hartford, CT, for Defendant-Appellant.

William J. Nardini, Assistant United States Attorney, and Sandra S. Glover, Assistant United States Attorney (of counsel), for Nora R. Dannehy, Acting United States Attorney for the District of Connecticut, for Appellee.

PER CURIAM[1]:

Rocky Samas appeals from a judgment of conviction entered by the United States District Court for the District of Connecticut (Hall, J.) on September 29, 2005. He argues principally that (1) the mandatory sentencing scheme in 21 U.S.C. § 841(b) violates the Equal Protection Clause of the Fourteenth Amendment because there is no rational basis for the disparity between sentences for powder and crack cocaine and (2) that the introductory language in 18 U.S.C. § 3553(a) conflicts with the mandatory sentencing provisions

---

[1] We originally affirmed by summary order issued December 9, 2008. Upon motion of the government, we now withdraw that order and publish this decision in its place.

set forth in § 841(b).  For the following reasons, we affirm.

I

In January 2004, members of the Norwalk Police Department learned from a confidential informant that a man named Rocky Samas was selling large quantities of crack cocaine in the greater Norwalk area.  The confidential informant arranged to purchase crack cocaine from Samas at Samas' residence on January 6, 7, and 8, 2004.  The first transaction involved 13.5 grams of crack cocaine; the second 27.3 grams; and the third 54.6 grams.  Thereafter, FBI agents and police officers searched the homes of Samas and an associate and discovered drugs, cash, and guns connected with Samas' narcotics business.

In November 2004, Samas pleaded guilty to two counts of possession with intent to distribute and distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts Two and Three); one count of possession with intent to distribute and distribution of fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Four); and one

count of possession with intent to distribute and distribution of 500 grams or more of cocaine and five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Five).

Samas was sentenced principally to the mandatory minimum term of 240 months' imprisonment on Count Four, and to concurrent sentences of 151 months on Counts Two, Three, and Five.

Samas raised no objections at his sentencing. Accordingly, we review his claims for plain error.

**II**

Samas argues that the mandatory sentencing scheme in 21 U.S.C. § 841(b) violates the Equal Protection Clause of the Fourteenth Amendment because there is no rational basis for the disparity between sentences for powder and crack cocaine. We have repeatedly rejected this argument. See United States v. Regalado, 518 F.3d 143, 149 n.3 (2d Cir. 2008) (per curiam); United States v. Moore, 54 F.3d 92, 97-99 (2d Cir. 1995); United States v. Then, 56 F.3d 464, 466 (2d Cir. 1995); United States v. Stevens, 19 F.3d 93, 96-97 (2d Cir. 1994).

4

Samas contends that the Supreme Court's recent decision in Kimbrough v. United States, 128 S. Ct. 558 (2007), casts doubt on the continued validity of the 100-to-1 powder to crack cocaine ratio. We disagree. Nothing in Kimbrough suggests that the powder to crack cocaine disparity in § 841(b)is unconstitutional. See United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008) (stating in dicta that "[i]t is not apparent to us that the principles set forth in Kimbrough have any application to mandatory minimum sentences imposed by statute").

The Kimbrough Court explained that the federal narcotics "statute, by its terms, mandates only maximum and minimum sentences . . . . The statute says nothing about the appropriate sentences within these brackets . . . ." 128 S. Ct. at 571. Thus Kimbrough bears upon the discretion of district judges to sentence within the maximum and minimum sentence "brackets." Kimbrough does not disturb our precedents rejecting challenges to the constitutionality of the mandatory sentencing scheme in § 841(b).

**III**

Samas contends that the parsimony clause in 18 U.S.C. § 3553(a) conflicts with the mandatory sentencing provisions in § 841(b). In relevant part, § 3553(a) directs district courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The balancing required under this provision, Samas contends, is incompatible with a mandatory sentencing scheme.

We recently rejected the argument that § 3553(a) conflicts with statutory minimum sentences in reviewing a sentence applying the firearms enhancement in 18 U.S.C. § 924(c). As we held in United States v. Chavez, a district court must impose a statutorily mandated sentence even if the court would reach a different determination if it considered only § 3553(a). 549 F.3d 119, 135 (2d Cir. 2008). We explained that statutory minimum sentences are in "'tension with section 3553(a), but that very general statute cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress . . . .'" Id. (quoting United States v. Roberson, 474 F.3d 432, 436 (7th Cir. 2007)); see also United States v. Franklin, 499

6

F.3d 578, 585 (6th Cir. 2007) (rejecting argument that mandatory sentences conflict with parsimony clause, because "§ 3553(a) factors do not apply to congressionally mandated sentences"). We reach the same conclusion with respect to mandatory sentences imposed under § 841(b).

The wording of § 3553(a) is not inconsistent with a sentencing floor. The introductory language of the federal sentencing scheme is qualified: "[e]xcept as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) . . . ." 18 U.S.C. § 3551(a) (emphasis added). In this case, § 841(b)(1)(A) specifically provides for a mandatory minimum sentence of twenty years. See United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004) ("[T]he mandatory minimum sentence[] Kellum was exposed to pursuant to . . . 21 U.S.C. § 841(b)(1)(A) clearly fit within the 'except as otherwise specifically provided' exclusion of § 3551(a)." (footnotes omitted)).

Further, § 3553(e) and § 3553(f) enumerate limited circumstances in which a district court may depart from a statutory minimum sentence. See Franklin, 499 F.3d at 585 (holding that § 3553(e) and § 3553(f) are sole provisions permitting departure from a mandatory minimum sentence); Kellum, 356 F.3d at 289 (same). These provisions would be surplusage if we adopted Samas' interpretation of § 3553(a).

Accordingly, we reject Samas' effort to avoid the mandatory minimum sentence in § 841(b)(1)(A).

**IV**

Samas' final argument is that we should remand to the district court for resentencing on Counts Two, Three, and Five pursuant to Regalado, 518 F.3d at 149. Samas is concerned that the district court might not have appreciated its discretion to depart from the sentencing guidelines based on the powder to crack cocaine disparity. Even if the district court erroneously imposed sentences of 151 months on Counts Two, Three, and Five, Samas cannot show (as he must for plain error review) that the error affected his substantial rights, because those sentences are to run concurrently with the mandatory minimum sentence of 240

months on Count Four.  See United States v. Outen, 286 F.3d 622, 640 (2d Cir. 2002) ("[A]n erroneous sentence on one count of a multiple-count conviction does not affect substantial rights where the total term of imprisonment remains unaffected . . . ."); see also United States v. Ogman, 535 F.3d 108, 111 (2d Cir. 2008) (denying Regalado remand because sentence was driven by guideline provision unrelated to powder to crack cocaine ratio in guidelines).

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is affirmed.