**UNITED STATES of America,
Appellee,**

v.

**Troy WILLIAMS, Defendant–Appellant.**

No. 08–4687–cr.

United States Court of Appeals,
Second Circuit.

Oct. 2, 2009.

Laurie S. Hershey, Esq., Manhasset, NY, for Appellant.

Morris J. Fodeman, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, Appellee.

PRESENT: JON O. NEWMAN, B.D. PARKER and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Appellant Troy Williams appeals from a judgment of the District Court (Ross, *J.*) convicting him pursuant to a guilty plea of possession with intent to distribute and distribution of fifty grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), and sentencing him to 120 months' imprisonment to be followed by five years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

■ Williams contends that the mandatory minimum sentence for crack offenses that the District Court applied in sentencing him violates the Equal Protection Clause of the Fifth Amendment, 18 U.S.C. § 3553(a), and the principles set forth in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). As we have held in previous cases, the 100–to–1 powder to crack cocaine ratio underlying Williams's sentence does not violate the Equal Protection Clause of the Fifth Amendment because it is rationally related to the legitimate governmental interest of protecting the public against the greater dangers of crack. *See, e.g., United States v. Stevens*, 19 F.3d 93 (2d Cir.1994) ("[W]e join six other circuits that have similarly held that the Guidelines' 100 to 1 ratio of powder cocaine to crack cocaine has a rational basis and does not violate equal protection principles."); *see also United States v. Samas*, 561 F.3d 108, 110 (2d Cir.2009); *United States v. Lee*, 523 F.3d 104, 106 (2d Cir.2008) ("It is not apparent to us that the principles set forth in *Kimbrough [v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007)] have any application to mandatory minimum sentences imposed by *statute.*").

■ Williams's contention that the District Court violated the parsimony clause of 18 U.S.C. § 3553(a) by applying the mandatory minimum for convictions under 21 U.S.C. § 841(b)(1)(A) likewise fails, because adopting Williams's interpretation of that clause would render superfluous sections 3553(e) and (f), which permit departure from a mandatory minimum sentence. *Samas*, 561 F.3d at 111. Finally, Williams's sentence did not violate *Booker*, which rendered the U.S. Sentencing Guidelines advisory; as we held in *Samas*, "a district court must impose a statutorily mandated sentence even if the court would reach a different determination if it considered only § 3553(a)." *Id.* at 110 (citing *United States v. Chavez*, 549 F.3d 119, 135 (2d Cir.2008)).

We have reviewed Williams's other contentions and conclude that they are without merit.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.