09-2057-cr
United States v. Jamaal Johnson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand ten.**

PRESENT:
>           ROGER J. MINER,
>           JOHN M. WALKER, JR.,
>           GERARD E. LYNCH,
>                     *Circuit Judges.*

United States of America,

>           *Appellee*,

>           v.                                                      09-2057-cr

Jose R. Cintron, Danielle Renee Toms,

>           *Defendants*,

Jamaal Johnson,

>           *Defendant-Appellant.*

FOR APPELLANT:  (Check indent) Bradley S. Stetler, Stetler, Allen & Kampmann, Burlington, VT.

FOR APPELLEES:  Tristram J. Coffin, U.S. Attorney, Craig S. Nolan, Gregory L. Waples, Assistant U.S. Attorneys, Rutland, VT.

Appeal from the United States District Court for the District of Vermont (William K. Sessions, III, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Jamaal Johnson appeals from a judgment of conviction sentencing him principally to 60 months' imprisonment following his guilty plea to the charge of distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Johnson admitted in his plea agreement to trafficking between 500 grams and 1.5 kilograms of crack cocaine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

At sentencing, the district court determined Johnson's advisory sentencing range to be 135 to 168 months' imprisonment, but departed downwards and gave Johnson a below-guidelines sentence of 60 months, the mandatory minimum sentence for his offense under 21 U.S.C. § 841(b)(1)(B). Johnson argued before the district court and now argues on appeal that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), repealed the mandatory minimum sentencing provisions of 21 U.S.C.§ 841(b), and that the district court is therefore required by the parsimony clause of 18

U.S.C. § 3553(a) to impose less than five years' imprisonment.

We rejected this argument last year, holding:

The wording of § 3553(a) is not inconsistent with a sentencing floor. The introductory language of the federal sentencing scheme is qualified: "[e]xcept as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) . . . ." 18 U.S.C. § 3551(a) (emphasis added). In this case, § 841(b)(1)(A) specifically provides for a mandatory minimum sentence . . . .

United States v. Samas, 561 F.3d 108, 111 (2d Cir. 2009) (alteration, ellipsis, and emphasis in original); see also United States v. Chavez, 549 F.3d 119, 134-35 (2d Cir. 2008).

As there is no basis for disturbing the sentence imposed by the district court, the judgment is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk