09-3812-cr
United States v. Torrance McCown

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this Court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand ten.

PRESENT:

> HON. DEBRA ANN LIVINGSTON,
> HON. GERARD E. LYNCH,
> > *Circuit Judges*,
> HON. WILLIAM K. SESSIONS III
> > *District Judge.*[*]

---

UNITED STATES OF AMERICA
> *Appellee*,

-v.-                                                        No. 09-3812-cr

TORRANCE McCOWN,
> *Defendant-Appellant*.

---

> RICHARD S. CRAMER, Hartford, Connecticut, for *Defendant-Appellant*.

---

[*] The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

H. GORDON HALL, Assistant United States Attorney (Raymond F. Miller, Assistant United States Attorney, *on the brief*) *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut, for *Appellees*.

Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*.)

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of conviction and sentence imposed on September 2, 2009 is AFFIRMED.

Defendant Torrance McCown appeals from a judgment of conviction entered on September 2, 2009 following a jury trial in the District of Connecticut convicting him of one count of conspiracy to distribute 50 grams or more of cocaine base, see 21 U.S.C. §§ 846, 841(a)(1), and 846(b)(1)(A)(iii). The district court imposed the statutory mandatory minimum and sentenced McCown to 120 months. *See* 21 U.S.C § 841(b). On appeal, McCown challenges the sufficiency of the evidence to support his conviction. Alternatively, he contends that even if the conviction stands, the sentence imposed was "substantively unreasonable" because the district court erroneously believed that it was bound by the statutory mandatory minimum. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I.      Sufficiency of the Evidence**

McCown argues that there was insufficient evidence to convict him of conspiring to distribute in excess of 50 grams of cocaine base. The claim was properly preserved below, and, accordingly, we review it *de novo*. *United States v. Leslie*, 103 F.3d 1093, 1100 (2d Cir. 1997). A defendant challenging the sufficiency of the evidence to support his conviction "bears a heavy burden," *United States v. Mercado*, 573 F.3d 138, 140 (2d Cir. 2008) (internal quotations omitted),

because we affirm where viewed "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements." *United States v. Ionia Mgmt. S.A.*, 555 F.3d 303, 309 (2d Cir. 2009) (per curiam) (internal quotations omitted); *see generally Jackson v. Virginia*, 443 U.S. 307 (1979). In reviewing such a challenge, "we must credit every inference that could have been drawn in the government's favor" and "defer to the jury's determination of the weight of the evidence and the credibility of witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." *United States v. Reifler*, 446 F.3d 65, 94 (2d Cir. 2006) (internal citation omitted) (internal citation and quotations omitted). "In cases of conspiracy, deference to the jury's findings is especially important because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *United States v. Snow*, 462 F.3d 55, 68 (2d Cir. 2006) (internal quotations and citations omitted).

To establish the crime of conspiracy, the government needed to prove two elements at trial: (1) that the conspiracy alleged in the indictment existed, and (2) that the defendant knowingly joined or participated in it. *Snow*, 462 F.3d at 68. In this case, the government also needed to establish that it was reasonably foreseeable to the defendant that the conspiracy involved 50 grams or more of cocaine base, or crack cocaine.

The government's evidence with respect to each element was overwhelming. At trial, the government introduced McCown's post-arrest statement in which he confessed to obtaining significant quantities of cocaine base from a co-conspirator, Roshaun Hoggard, repackaging the cocaine into "dime bags" for resale, and returning a portion of the proceeds to Hoggard. The government also introduced intercepted cell phone conversations between McCown and Hoggard

in which the two discussed, among other things, McCown's purchase of drugs from Hoggard and McCown's delivery of drugs, at Hoggard's behest, to other co-conspirators. Finally, the government offered the testimony of several government agents who testified to their surveillance of a man identified through wiretap evidence as McCown delivering drugs and otherwise participating in the conspiracy.

McCown contends that his confession was "uncorroborated" by the other evidence at trial and, as such, was insufficient to support his conviction. *Cf. United States v. Bryce*, 208 F.3d 346, 354 (2d Cir. 2000) ("It is a long-settled principle that an accused may not be convicted on his own uncorroborated confession." (internal quotations omitted)). The argument is without merit. As detailed above, the government's evidence of McCown's knowing involvement in the conspiracy was overwhelming, and McCown's confession was directly supported by both intercepted phone conversations and the testimony of government agents. Indeed even if the confession was entirely disregarded, the government's other evidence was more than sufficient to permit a reasonable trier of fact to conclude that McCown knowingly joined the conspiracy. To the extent McCown raises other arguments with respect to the sufficiency of the evidence, we have considered them and reject them as meritless.

## II.    Sentencing

Alternatively, McCown argues the district court erred in imposing the 120-month statutory mandatory minimum. *See* 21 U.S.C. § 841(b). Specifically, McCown argues, for the first time on appeal,[1] that as a result of *United States v. Booker*, 543 U.S. 220 (2005), and its elimination of the

[1] The government contends that the law of this Circuit does not squarely address the standard of review to be applied where a challenge to the substantive reasonableness of a sentence is not preserved below. It urges this Court to adopt the same "plain error" standard

4

mandatory guidelines, the mandatory minimum in section 841(b) must give way to the "parsimony clause" in 18 U.S.C. § 3553(a) which directs district courts to "impose a sentence sufficient, but not greater than necessary," to advance the purposes of that section. In other words, McCown argues that the District Court was free to impose a sentence below 120 months if it found such a sentence "sufficient, but not greater than necessary" to further the goals of section 3553(a) and that it erred in believing itself bound by the mandatory minimum in section 841(b).

This Court has previously considered and rejected this very argument in the context of a mandatory minimum sentence imposed pursuant to section 841(b). *See United States v. Samas*, 561 F.3d 108, 110-11 (2d Cir. 2009). As we explained in *Samas*, the wording of section 3553(a) is not "inconsistent with a [congressionally prescribed] sentencing floor." *Id.* at 111; *see also Kimbrough v. United States*, 552 U.S. 85, 107 (2007) ("[S]entencing courts," although permitted by § 3553(a), after *Booker*, to deviate from an advisory-Guidelines-recommended range of imprisonment based on their policy disagreements with the Guidelines, "remain bound by the mandatory minimum sentences prescribed in the [statutes]."). McCown provides no basis for disturbing that conclusion and conceded at oral argument that *Samas* binds this Court and forecloses his argument. Moreover, because he does not raise any other challenge to his sentence as imposed, we affirm the sentence as reasonable.

**III.    Conclusion**

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

applied to unpreserved procedural reasonableness challenges. *See United States v. Villafuerte*, 502 F.3d 204, 208-11 (2d Cir. 2007). Because McCown identifies no error, plain or otherwise, we need not and do not address the issue.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk