10-182-cr
USA v. Jimenez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the first day of October, two thousand and ten.

PRESENT:

WILFRED FEINBERG,
JOSEPH M. MCLAUGHLIN,
JOSÉ A. CABRANES,

*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                                            No. 10-182-cr

FREDDY JIMENEZ, a.k.a. Gaguito, a.k.a. Gago,

*Defendant,*

ODARIS JIMENEZ, a.k.a. Baron,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**     Steven B. Rasile, Law Offices of Mirto & Rasile, West Haven, CT.

**FOR APPELLEE:**     Geoffrey M. Stone, Assistant United States Attorney (David B. Fein, United States Attorney, and Sandra S. Glover, *on the brief)* United States Attorney's Office for the District of Connecticut, New Haven, CT.

1

Appeal from a December 16, 2009 judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

On November 24, 2008, a federal grand jury returned an indictment charging Odaris Jimenez ("defendant" or "Jimenez") in Count One with conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On May 21, 2009, Jimenez pleaded guilty to Count One of the indictment. On December 11, 2009, the District Court sentenced the defendant principally to 120 months and one day of imprisonment. The judgment was entered on December 15, 2009, but the judgment stated incorrectly that the sentence imposed was 120 months of imprisonment, rather than 120 months and one day. An amended judgment reflecting the correct sentence was entered on March 23, 2010.

On December 16, 2009, Jimenez filed a timely notice of appeal. We assume the parties' familiarity with the remaining factual and procedural history of the case.

On appeal, Jimenez asserts a single claim. He argues that his sentence was substantively unreasonable because the statutory mandatory minimum sentence established by 21 U.S.C. § 841 is limited by the parsimony clause of 18 U.S.C. § 3553(a). The parsimony clause of § 3553(a) provides that the District Court "shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in Paragraph 2 of this subsection." 18 U.S.C. § 3553(a). Accordingly, Jimenez argues that the District Court—which remarked at sentencing that "if there were no mandatory minimum, Mr. Jimenez would certainly receive less than ten years" and that the Court "wish[ed] [it] had more discretion"—was required to impose a sentence below the ten years mandated by statute.

The defendant's argument is without merit. In *United States v. Samas*, 561 F.3d 108 (2d Cir. 2009), *cert. denied*, 130 S. Ct. 184 (2009), we expressly rejected the precise argument that Jimenez makes on appeal. *Samas* held that "[t]he wording of § 3553(a) is not inconsistent with a sentencing floor." *Id.* at 111. That holding controls our decision here.

Jimenez attempts to distinguish his case from *Samas* on the basis that the defendant in *Samas* did not raise any objections before the district court. Under the circumstances, this distinction is of no legal consequence. We found no error, plain or otherwise, in *Samas*, *see id.* at 110-11, just as we find none in the instant case.

### CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

2