10-0241-cr
United States v. Ortiz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                        *Appellee*,

             -v.-                                                10-0241-cr

JUAN ORTIZ, also known as Nano,

                                        *Defendant-Appellant*.

_____

For Appellee:        Harold H. Chen, Assistant United States Attorney (David B. Fein, United States Attorney, Elizabeth A. Latif, Assistant United States Attorney, of counsel), District of Connecticut, *for* United States.

For Appellant:       Robert C. Mirto, Law Offices of Mirto & Rasile, LLC, West Haven, CT, *for* Juan Ortiz.

Appeal from the United States District Court for the District of Connecticut (Hall, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

Juan Ortiz appeals from a judgment of conviction entered by the United States District Court for the District of Connecticut (Hall, *J.*) on January 20, 2010. Ortiz pleaded guilty to conspiracy to possess with intent to distribute, and to distribute, 50 grams or more of crack cocaine. The district court imposed the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) of 120 months in prison and five years of supervised release, and ordered Ortiz to pay a $100 special assessment. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

Ortiz appeals on a single issue: that the parsimony clause in 18 U.S.C. § 3553(a) conflicts with the mandatory minimum sentencing provisions in Section 841(b). However, a prior panel of this Court rejected this argument as a matter of law. *United States v. Samas*, 561 F.3d 108, 110-11 (2d Cir. 2009) (per curiam) (holding that Section 3553(a) "cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress" in Section 841(b)) (citation and quotation marks omitted). This remains the law of the Circuit, unless it is "overruled either by an en banc panel of our Court or by the Supreme Court." *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004).

We have considered all of Ortiz's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk