09-1736-cr(L)
United States v. Gjuraj (Simms)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
                PETER W. HALL,
                RAYMOND J. LOHIER, Jr.,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
          <u>Appellee</u>,

          -v.-                                    09-1736-cr(L)
                                                  09-3530-cr(CON)
                                                  09-3466-cr(CON)

ARBNOR GJINI, also known as Cookie,
RICHARD DAVIS, also known as Poo Poo,
also known as Shooter, also known as
Buck, ANTONIO ROBINSON, also known as
Biggie Smalls, also known as Dave,
TONY DeJESUS, JERRYL SNIDER, also
known as Shitty, also known as
Broadway, also known as Leroy,
TRAYSON STEVENS, also known as Mitch,
also known as Tray 8, also known as
Jay, STACEY GOSS, also known as

Binky, SASHA KOPPEL, DONDON FLETCHER, also known as Yellow, BRENT MENSKEY, JOY YOUNG, also known as Petta, also known as G.P., ALAN DONALD, also known as Bo Donald, LAVAUGHN BROWN, also known as Vaughny, MIKE PETERS, BILL BOLLMANN, JOHN GODWIN, DAVID KARP, DAVID PETERS, LUIS SERRANO, DAVID WALSH, also known as Caddy, and PATRICK SMITH,

        **Defendants**,

TRAVIS SIMMS, also known as Tray Lo, also known as Love, and ISNI GJURAJ,

        **Defendants-Appellants**.

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT GJURAJ:**    David S. Hammer, Esq., New York, New York.

**FOR APPELLANT SIMMS:**    Jane Simkin Smith, Millbrook, New York.

**FOR APPELLEE:**    Elizabeth A. Latif, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, on the brief), for David B. Fein, United States Attorney for the District of Connecticut.

Appeals from judgments of conviction in the United States District Court for the District of Connecticut (Kravitz, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** as to Defendant-Appellant Isni Gjuraj and that the judgment of the district court be **REMANDED** as to Defendant-Appellant Travis Simms.

Defendant-Appellant Isni Gjuraj ("Gjuraj") appeals on multiple grounds his conviction and sentence for retaliating against a witness, in violation of 18 U.S.C.

§§ 1513(a)(1)(B) and 1513(a)(2)(B); conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii); and a Hobbs Act robbery, in violation of 18 U.S.C. § 1951.  Defendant-Appellant Travis Simms ("Simms") appeals from the judgment of conviction entered on April 15, 2009, on the grounds that (i) the district court did not understand its discretion to impose a sentence concurrent to Simms's state sentence, and (ii) his counsel was ineffective.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**Gjuraj**

[1]  Gjuraj was sentenced to 320 months' imprisonment on the witness retaliation charge.  At the time Gjuraj committed the offense (December 24, 2007), the statutory maximum was twenty years.  (The maximum increased to thirty years in January 2008.)  However, because Gjuraj did not object to his sentence when it was imposed, we review for plain error. Under plain error review, "an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (quoting Puckett v. United States, 129 S. Ct. 1423, 1429 (2009)).  To "affect substantial rights," an error must have caused prejudice and affected the outcome of the district court proceedings.  United States v. Olano, 507 U.S. 725, 734 (1993).  On plain error review, "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice."  Id.

The district court indisputably erred in imposing a 320-month sentence.  However, because Gjuraj received a concurrent 320-month sentence on the narcotics distribution

3

charge, Gjuraj fails to show that the error affected his substantial rights or the "fairness, integrity or public reputation of judicial proceedings." Puckett, 129 S. Ct. at 1429 (internal quotation marks omitted); see United States v. Outen, 286 F.3d 622, 640 (2d Cir. 2002) ("[A]n erroneous sentence on one count of a multiple-count conviction does not affect substantial rights where the total term of imprisonment remains unaffected . . . ."); see also United States v. Samas, 561 F.3d 108, 111 (2d Cir. 2009) (per curiam) ("Even if the district court erroneously imposed sentences of 151 months on Counts Two, Three, and Five, Samas cannot show (as he must for plain error review) that the error affected his substantial rights, because those sentences are to run concurrently with the mandatory minimum sentence of 240 months on Count Four.").

**[2]** Gjuraj contends that his guilty plea was invalid because there was no factual basis at, or prior to, the plea that the victim cooperated with federal agents. Where, as here, a defendant challenges the validity of his guilty plea for the first time on appeal, this Court reviews for plain error. See United States v. Dominguez Benitez, 542 U.S. 74, 80-84 (2004). Fed. R. Crim. P. 11 requires the court to "assure itself . . . that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." United States v. Maher, 108 F.3d 1513, 1524 (2d Cir. 1997). Rule 11 "does not specify that any particular type of inquiry be made . . . . An inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case." Id. (citing Fed. R. Crim. P. 11 Advisory Committee Notes (1974)).

Section 1513(a)(1)(B) provides for the punishment of anyone who "kills or attempts to kill another person with intent to retaliate against any person for-- (B) providing to a law enforcement officer any information relating to the commission or possible commission of a Federal offense . . . ." 18 U.S.C. § 1513(a)(1)(B). "Law enforcement officer" is defined in the statute as "an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant." 18 U.S.C.

4

§ 1515(a)(4). In <u>United States v. Draper</u>, we clarified that, even if it is established that the information the witness divulged "to law enforcement authorities [related to] a federal offense," the statute requires proof of a further element, namely, that those law enforcement authorities "were federal agents." 553 F.3d 174, 180 (2d Cir. 2009).

Although no record evidence existed at the time of Gjuraj's plea establishing that the victim provided information to federal authorities, the presentence report (compiled after the plea) indicates that the Federal Bureau of Investigation and state police were conducting a joint investigation of narcotics trafficking in several Connecticut cities. "[T]he existence of a factual basis for the plea is determined on the basis of the record as of the plea proceeding . . . ." <u>United States v. Garcia</u>, 587 F.3d 509, 520 (2d Cir. 2009). However, when we review for plain error, we "assess[] whether the error affects substantial rights, [and] the record as a whole becomes relevant . . . . [including] evidence placed in the record after the plea . . . ." <u>Id.</u> at 520-21 (internal citations omitted). For that assessment, we consult the entire record, including the factual statements in Gjuraj's presentence report. The record discloses a sufficient factual basis to satisfy the third <u>Draper</u> element.

**[3]** Gjuraj raises a jurisdictional challenge to the Information charging him with robbery under the Hobbs Act. Gjuraj argues that there was insufficient proof as to the interstate commerce element. A guilty plea "waives all challenges to prosecution except those going to the court's jurisdiction." <u>United States v. Lasaga</u>, 328 F.3d 61, 63 (2d Cir. 2003). The alleged jurisdictional defect must "go to the court's power to entertain the prosecution," not to "the government's ability to prove its case." <u>Hayle v. United States</u>, 815 F.2d 879, 882 (2d Cir. 1987). "If the indictment alleges all of the statutory elements of a federal offense and the defendant's contention is that in fact certain of those elements are lacking, the challenge goes to the merits of the prosecution, not to the jurisdiction of the court to entertain the case or to punish the defendant if all of the alleged elements are proven." <u>Id.</u> at 882. Accordingly, after a guilty plea,

5

"jurisdiction" can be challenged only if "the face of the indictment discloses that the count or counts to which he pleaded guilty failed to charge a federal offense." Id. at 881; see also Maher, 108 F.3d at 1529 (where defendant pleads guilty, this Court "will not entertain a challenge to the sufficiency of the evidence").

Gjuraj's argument is further foreclosed by his admissions during his allocution that he traveled with his co-conspirator to New Jersey "with the intent and knowledge that a robbery was going to be committed," and that he and the co-conspirator went afterward to New York's Diamond District to dispose of the jewelry stolen from the robbery. Accordingly, his jurisdictional and Rule 11(b)(3) challenges to the Hobbs Act charge fail.

**[4]** Gjuraj raises several procedural challenges to his sentence, all of them without merit. He argues that: (1) the district court erred by using the incorrect Guideline in sentencing him on the witness retaliation charge, (2) the district court did not consider certain § 3553(a) factors (specifically his personal characteristics), and impermissibly considered the impact on the victims, and (3) the district court failed to recognize its ability to depart from the crack/powder ratio set forth in the Guidelines.

We review a district court's sentencing decision for reasonableness. See United States v. Booker, 543 U.S. 220, 260-62 (2005). When a defendant fails to preserve an objection to the procedural reasonableness of a sentence, we review for plain error. See United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008).

With respect to the Guideline calculation, the district court properly applied the Guideline applicable to Gjuraj's actual conduct--here, attempted murder--which was more serious than his offense of conviction. Gjuraj assented to the statement of facts set forth in the stipulation of offense conduct, which established all the elements of attempted murder. His plea of guilty thus "contain[ed] a stipulation that specifically establishe[d] a more serious offense than the offense of conviction." U.S. Sentencing Guidelines Manual § 1B1.2(a). Accordingly, as directed by that Guideline, the district court properly used § 2A2.1,

6

the Guideline applicable to the offense of attempted murder. The record establishes that the district court acknowledged all of the § 3553(a) factors when it sentenced Gjuraj.  Moreover, the district court took into account Gjuraj's personal characteristics, considered his background, and read letters from Gjuraj's friends and family.  The district court referenced the impact on the victims in its discussion of the relevant facts, consistent with its obligation to consider the nature and circumstances of the offense under § 3553(a).  But, contrary to Gjuraj's argument, the court did not depart upwardly on the basis of the victim impact.

Finally, the record reflects that the district court understood its ability to depart from the 100 to 1 crack/powder ratio in the Guidelines.  The district court's lengthy discussion of the disparity indicates that it appreciated its discretion.  The imposition of a sentence that was only four months below the sentence recommended by the 100 to 1 Guideline does not mean that the district court failed to understand its discretion.

The district court committed no plain error in sentencing Gjuraj.

**Simms**

[1] Simms argues that the district court erroneously failed to recognize that it had the authority under both 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3 to recommend that Simms's sentence run either partially concurrently, concurrently, or consecutively to his imposed (but undischarged) state sentence.  The record indicates the district court was uncertain as to whether it had the discretion to impose a concurrent sentence to Simms's state sentence.

In order to address Simms's argument, it is necessary to set forth the text of the statute and the Sentencing Guideline that confer authority to impose a concurrent sentence to an undischarged state sentence.

Section 3584(a) of Title 18 provides:

(a) Imposition of concurrent or consecutive terms.--If

7

> multiple terms of imprisonment are imposed on a
> defendant at the same time, or if a term of
> imprisonment is imposed on a defendant who is already
> subject to an undischarged term of imprisonment, the
> terms may run concurrently or consecutively . . . .
> Multiple terms of imprisonment imposed at different
> times run consecutively unless the court orders that
> the terms are to run concurrently.

18 U.S.C. § 3584(a).  Section 5G1.3(c) of the Sentencing Guidelines provides as follows:

> (c) (Policy Statement) In any other case involving an
> undischarged term of imprisonment, the sentence for the
> instant offense may be imposed to run concurrently,
> partially concurrently, or consecutively to the prior
> undischarged term of imprisonment to achieve a
> reasonable punishment for the instant offense.

U.S. Sentencing Guidelines Manual § 5G1.3(c).  And, Application Note 3(C) of § 5G1.3 states:

> (C) Undischarged Terms of Imprisonment Resulting from
> Revocations of Probation, Parole or Supervised
> Release.--Subsection (c) applies in cases in which the
> defendant was on federal or state probation, parole, or
> supervised release at the time of the instant offense
> and has had such probation, parole, or supervised
> release revoked.  Consistent with the policy set forth
> in Application Note 4 and subsection (f) of § 7B1.3
> (Revocation of Probation or Supervised Release), the
> Commission recommends that the sentence for the instant
> offense be imposed consecutively to the sentence
> imposed for the revocation.

U.S. Sentencing Guidelines Manual § 5G1.3 app. 3(C).

The plain language set out above demonstrates that the district court had discretion to impose a concurrent sentence, even though Simms's state sentence had yet to begin, because the sentence was (and remains) an undischarged term of imprisonment.  Accordingly, we remand to the district court for clarification and, if necessary, for further proceedings.  If, on remand, the district court

indicates, either on the record or in a brief written statement, that it understood its authority and nevertheless would have imposed a consecutive sentence, then the district court need go no further.  See United States v. Sanchez, 517 F.3d 651, 669 (2d Cir. 2008) (remanding sentencing issue to district court for clarification).  If the district court determines that the sentence was affected by its view that the sentence could not have been imposed to run concurrently with the state sentence, then it should vacate the sentence and resentence in accord with 18 U.S.C. § 3553.  "The defendant's presence is not required for the initial step at which the court issues its clarification."  Sanchez, 517 F.3d at 669.

If resentencing is deemed appropriate, Application Note 3(C) of U.S.S.G. § 5G1.3, quoted above, should be kept in mind.

Here, Simms committed the instant offense while serving a five-year suspended sentence for an unrelated state crime. The time-line of Simms's conduct is as follows:

July 6, 2005: Simms arrested by state police for narcotics possession;

April 25, 2006: Simms sentenced to five years suspended sentence, five years probation;

May 29, 2007: Simms arrested by state police for narcotics possession;

September 28, 2007: Simms arrested by state police for sale of narcotics;

February 20, 2008: Simms arrested by federal authorities for participation in the instant narcotics conspiracy;

July 24, 2008: State court sentences Simms to one year for May 2007 possession, to run concurrently with five years for the September 28, 2007 sale; to run concurrently with five years for his (previously suspended) April 2006 sentence.

Since Simms committed the instant offense while serving a suspended sentence, and since a portion of his undischarged state sentence resulted from revocation of his suspended sentence, the Commission's recommendation is that the district court impose a consecutive sentence.

**[2]** Simms argues that, by reason of ineffective assistance, he entered into a plea agreement which forbade him from seeking a non-guidelines sentence. In addition, he claims that his counsel's lack of familiarity with the relevant statutes and guidelines resulted in his state and federal sentences running consecutively.

When an ineffective assistance claim is raised on direct appeal, we have three options: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [28 U.S.C.] § 2255 petition; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." United States v. Hasan, 586 F.3d 161, 170 (2d Cir. 2009) (brackets in original). Because we are remanding to the district court for clarification as to Simms's sentence, we decline to address Simms's ineffective assistance claim at this time.

We have considered Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of conviction as to Gjuraj is **AFFIRMED**, and the judgment of conviction as to Simms is **REMANDED** for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

10