09-5272-cr
USA v. Thompson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of October, two thousand ten.

Present:
        ROBERT A. KATZMANN,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges,*
        EDWARD R. KORMAN,[*]
            *District Judge.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

          v.                           No. 09-5272-cr

CHRISTOPHER THOMPSON, also known as Chris Thompson,

      *Defendant-Appellant.*

_____

For Defendant-Appellant:        Maryanne E. Kampmann, Stetler, Allen & Kampmann, Burlington, VT

For Appellee:        Barbara A. Masterson, Gregory L. Waples, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT

---

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant Christopher Thompson appeals from a judgment of conviction entered December 11, 2009 (Murtha, *J.*), following a guilty plea, convicting Thompson of possession with intent to distribute five grams or more of cocaine base, and sentencing him principally to five years' imprisonment pursuant to 21 U.S.C. § 841(b)'s mandatory minimum. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Thompson argues that the district court erred in concluding that 18 U.S.C. § 3553(a)'s direction to "impose a sentence sufficient, but not greater than necessary" cannot displace an applicable mandatory minimum, in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). As we noted in *United States v. Samas*, 561 F.3d 108, 110 (2d Cir. 2009), we have "rejected the argument that § 3553(a) conflicts with statutory minimum sentences." "[A] district court must impose a statutorily mandated sentence even if the court would reach a different determination if it considered only § 3553(a)." *Id*. We have also rejected the argument that *Booker* dictates a different result. *See United States v. Williams*, 347 F. App'x 710, 711 (2d Cir. 2009). Thus, the district court correctly concluded that the five-year mandatory minimum sentence imposed by 21 U.S.C. § 841(b) applies.

We have reviewed Thompson's remaining arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK