United States v. Moore

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fourteen.

PRESENT:
> DENNIS JACOBS,
> ROBERT D. SACK
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                                    14-123

Christopher Moore,

> *Defendant-Appellant*,

Daniel Gladden, AKA Raz, AKA Raz Gladden, AKA Noodles Gladden, AKA Noodles,

> *Defendant*.

_____

**FOR DEFENDANT-APPELLANT:**        Christopher Moore, pro se, Pollock, LA.

**FOR APPELLEE:**        Peter A. Norling and Matthew S. Amatruda, Assistant United States Attorneys *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **AFFIRMED**.

Defendant-Appellant Christopher Moore, pro se, appeals from the district court's order denying post-conviction submissions that seek to reduce his sentence.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Moore's arguments can be distilled to two claims: (1) he should be resentenced based on the Guidelines that apply to powder cocaine offenses, not crack cocaine offenses, because 18 U.S.C. § 3582(c)(2) was not the appropriate vehicle to reduce his sentence; and (2) the 100-to-1 sentencing ratio of powder cocaine to crack cocaine violates the Equal Protection Clause.  The other issues he raised in the district court--including that the Fair Sentencing Act of 2010 should have applied to him, that the court should recalculate his criminal history category in light of *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and that his sentence violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013)--are deemed abandoned.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding, in the context of a pro se appeal, that issues not raised in an appellate brief are abandoned).  Additionally, to the extent that Moore

challenges the district court's 2009 order reducing his sentence pursuant to § 3582(c)(2), we lack jurisdiction to consider the challenge because that order is not before this Court; rather, Moore has appealed only from the November 2013 order of the district court.

Moore has repeatedly tried to challenge his sentence on the basis that the trial evidence established only that he dealt in powder cocaine and not crack cocaine. However, because he did not raise it on direct appeal, he is precluded from raising this claim. *See United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001). In any event, he unsuccessfully raised the same challenges in a Fed. R. Crim. P. 33 motion, a 28 U.S.C. § 2255 motion, and most recently, a successive application. *See United States v. Moore*, 182 F.3d 902 (2d Cir. 1999) (unpublished); *United States v. Moore*, E.D.N.Y. Docket No. 01-cv-4811; *Moore v. United States*, 2d Cir. Docket No. 14-2535. Thus, this claim has already been raised and rejected and is precluded under the mandate rule.

Section 3582 permits a district court to modify a sentence in three limited circumstances: (1) the Bureau of Prisons ("BOP") has filed a motion, and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) the defendant has been sentenced to a term of imprisonment based on a sentencing range that was later lowered by the Sentencing Commission and certain other requirements are met, *see id.* § 3582(c)(2).

Potentially relevant here is the relief provided under § 3582(c)(2). We review a district court's decision to grant or deny a § 3582(c)(2) motion for abuse of discretion, *see United States*

*v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009), and where questions of law are raised, they are reviewed *de novo*, *see United States v. Main*, 579 F.3d 200, 202-03 (2d Cir. 2009). As the district court determined, Moore was not eligible for such relief because his sentencing range had not been subsequently lowered by the Sentencing Commission since his last reduction in 2009. With a total offense level of 40 and a criminal history category of III, his Guidelines range was still 360 months to life. *See* U.S.S.G. ch. 5 pt. A. Moore's current sentence, 360 months of imprisonment, is the same as the minimum of the amended Guidelines range; so he was ineligible for a further sentence reduction. *See* U.S.S.G. § 1B1.10(b)(2). Additionally, Moore would not be eligible for relief under any other provision of § 3582: the BOP did not move to reduce Moore's sentence, and he did not identify any post-sentencing reduction of the applicable guidelines range. As to Rule 35, relief would be untimely, and Moore pointed to no "clear error" in the record that warranted correction. The district court therefore correctly denied Moore's request.

Moore's equal protection claim is also without merit. He seeks reconsideration of whether the crack cocaine laws violate the Equal Protection Clause in light of the Sixth Circuit's decision in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). However, the Sixth Circuit vacated its decision in *Blewett* and subsequently held: "(1) the [FSA]'s new mandatory minimums do not apply to defendants sentenced before it took effect; (2) § 3582(c)(2) does not provide a vehicle for circumventing that interpretation; and (3) the Constitution does not provide a basis for blocking [that interpretation]." *United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (en banc). In any event, we have considered and rejected equal protection arguments similar to those that were advanced in *Blewett*. *See, e.g.*, *United States v. Samas*, 561 F.3d 108, 110 (2d Cir. 2009).

4

We have considered all of Moore's remaining arguments and find them to be without merit. Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk